FILED
DISTRICT COURT
ROGERS COUNTY, OKLAHOMA
August 15, 2025 5:11 PM
CATHI EDWARDS, COURT CLERK
Case Number CJ-2025-260

## IN THE DISTRICT COURT OF ROGERS COUNTY
## STATE OF OKLAHOMA

| | |
|---|---|
| FOYE STENDER, | ) |
|       **Plaintiff,** | ) |
| v. | ) CASE NO.: CJ-2025-260 |
| ALLSTATE VEHICLE & PROPERTY INSURANCE COMPANY, | ) JUDGE PAZZO |
|       **Defendant.** | ) |

### FIRST AMENDED PETITION

COMES NOW, the Plaintiffs, Foye Stender, (hereinafter referred to as "Plaintiffs"), and for her causes of action against Defendant Allstate Vehicle & Property Insurance Company, (hereinafter referred to as "Defendant" and/or "Allstate") and state and allege as follows:

### PARTIES

1. Plaintiff, Foye Stender, now, and at all times relevant hereto, owned real property in Rogers County, State of Oklahoma.

2. Upon information and belief, Defendant Allstate Vehicle & Property Insurance Company, is a foreign corporation authorized to conduct business in the State of Oklahoma.

### JURISDICTION AND AUTHORITY

3. This action is brought before this Court for the reason that it may exercise jurisdiction on any basis consistent with the Constitution of the State of Oklahoma and the Constitution for the United States. 12 O.S. § 2004(F).

4. Pursuant to 12 O.S. § 133, venue is proper in this Court as the acts complained of herein occurred in Rogers County, Oklahoma.

5. Pursuant to 12 O.S. § 2004(F), this Court has subject matter jurisdiction over the claims asserted herein.

DEFENDANT'S EXHIBIT
3

## FACTUAL BACKGROUND

6. At all times material hereto, in consideration for premiums paid by Plaintiff, there was in full force and effect a policy of insurance issued by Allstate to Plaintiff, bearing the policy number 000845050585 (hereinafter referred to as the "Policy").

7. Under the terms of the Policy, Defendant agreed to insure Plaintiff against certain losses to Plaintiff's property located at 403 S. Wewoka Ave, Claremore, OK 74017, (hereinafter referred to as the "Property").

8. On or about May 25, 2024, when the above-referenced insurance policy was in full force and effect, Plaintiff's Property was damaged as a result of a tornado.

9. The Policy insured the Property against the type of loss and damage suffered.

10. Plaintiff reported the loss to Defendant; Defendant acknowledged the same and assigned claim number 0756294690 PBW to this loss (hereinafter referred to as the "Claim"). All other conditions precedent to entitle Plaintiff to coverage and benefits under the Policy have been satisfied.

## FIRST CLAIM FOR RELIEF
### (Breach of Contract)

11. Plaintiff incorporates all allegations set forth above as though fully set forth herein.

12. The Policy constitutes a valid and binding contract between Plaintiff and Defendant.

13. Plaintiff timely paid Defendant the owed Policy premiums.

14. In exchange for the Policy provisions, Allstate agreed to provide Plaintiff insurance coverage to Plaintiff's Property.

15. On or about May 25, 2024, when the above-referenced insurance policy was in full force and effect with all premiums paid, Plaintiff suffered a covered loss: storm damage.

16. Plaintiff has fully performed under the Policy and has demanded that Defendant perform; however, Defendant has refused to perform and has materially breached the Policy.

17. The acts and omissions of Allstate, in the handling of Plaintiff's Claim, were unreasonable and resulted in Plaintiff being paid less than what she was owed under the terms and conditions of the insurance policy issued by the Defendant. The acts and omissions of the Defendant in the investigation, evaluation, delay, and payment of Plaintiff's claim were unreasonable and constitute a breach of contract for which contractual damages are hereby sought.

18. Plaintiff remains damaged in an amount of $59,412.25 for the actual damages to her dwelling caused by the storm.

19. Plaintiff has been forced to expend money for court costs and litigation for which she should be compensated.

20. Pursuant to 12 O.S. § 2008(A)(2) and the above facts and circumstances, Plaintiff is entitled to relief under Oklahoma statutory and common law. The total amount demanded by Plaintiff is greater than $75,000.00.

## SECOND CLAIM FOR RELIEF
### (Bad Faith)

21. Plaintiff incorporates all allegations set forth above as though fully set forth herein.

22. Plaintiff timely filed a claim with Allstate the day after the tornado.

23. Allstate sent an adjuster to inspect the Property on or about June 1, 2024.

24. The adjuster failed to account for all damages to the Property and wrote an incomplete estimate of damages.

25. Plaintiff's roofing contractor inspected the Property and noted the roof needed replaced in its entirety. After back and forth between Plaintiff and Allstate, Allstate agreed to estimate for the full roof replacement.

26. Plaintiff also noted damage from interior leaking and cracks around door frames. Unable to get Allstate to account for these damages, Plaintiff hired an engineer who noted that the floor

levelness of her Property "falls outside tolerances typically observed in residential structures with a pier and beam foundation".

27. Plaintiff provided the engineer's report to Defendant and Defendant refused to consider it.

28. On June 18, 2025, Plaintiff sent a Partial Proof of Loss pursuant to 36 O.S. § 3629 based on her contractor's estimates and work invoiced.

29. On July 25, 2025, Allstate performed a second inspection of the Property, without accessing crawlspace to inspect the pier and beam foundation.

30. On July 28, 2025, Allstate denied Plaintiff's Partial Proof of Loss and did not update its estimate.

31. Defendant refused to acknowledge the covered loss and refused to pay Plaintiff the full amount of the covered loss owed under the Policy.

32. The acts and omissions of Defendant were in direct breach of its duty to deal fairly and in good faith with its insured, Plaintiff, and done for Defendant's own financial benefit.

33. Defendant intentionally underpaid, delayed, and failed to investigate Plaintiff's Claim. The conduct of the Defendant, in the lack of investigation, evaluation, and payment of Plaintiff's claim was unreasonable, outside of insurance industry standards, and constitutes a breach of the duty of good faith and fair dealing resulting in the wrongful and bad faith denial of Plaintiff's claim for which extra-contractual damages are hereby sought.

## **DAMAGES**

34. Plaintiff incorporates all allegations set forth above as though fully set forth herein.

35. Defendant's actions have caused Plaintiff to suffer mental pain, mental anguish and suffering, anxiety, embarrassment, and loss of reputation in an amount to be determined.

36. Defendant's conduct with respect to Plaintiff's Claim constitutes a bad faith breach of contract, for which punitive damages should be awarded pursuant to 23 O.S. § 9.1 due to

the wrongful, willful, and intentional conduct of the Defendant which was in reckless disregard of the rights of its insured, Plaintiff.

**WHEREFORE**, premises considered, Plaintiff moves for a finding by the Court that Defendant Allstate Vehicle & Property Insurance Company breached its contractual duty to pay for storm damages under the valid Policy; that Defendant Allstate Vehicle & Property Insurance Company violated the duty of good faith and fair dealing; that Plaintiff should be awarded a sum for an amount of $59,412.25 in actual damages; a sum for an amount greater than $75,000.00 for consequential damages as a result of Defendant's breaches; sum for an amount greater than $75,000.00 for punitive damages; that an award of attorney fees, costs of litigation and interest is proper pursuant to 36 O.S. § 3629, 12 O.S. §§ 936, 940 & 942, and Oklahoma common law; and for such other and further relief as the Court may deem equitable under the circumstances, all damages totaling greater than $75,000.00.

**JURY TRIAL DEMANDED**

Respectfully Submitted,

/s/ Ashley Leavitt
Ashley Leavitt, OBA #32818
HOLBROOK LEAVITT & ASSOCIATES, PLLC
4815 S. Harvard Ave., Ste 285
Tulsa, OK 74135
P: (918) 373-9394
F: (918) 539-0269
E: Ashley@holbrookleavitt.com
***Counsel for the Plaintiffs***